# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION FOR ACCEPTANCE OF PLEA** |
| vs. | ) ) | |
| Marcus Allen Irlbeck, | ) ) | Case No. 4:14-cr-175 |
| Defendant. | ) | |

A change of plea hearing was held in the above-entitled action on July 22, 2015, during which defendant, Marcus Allen Irlbeck, entered a plea of guilty to an Information charging him with the following offense: Aggravated Sexual Abuse in violation of 8 U.S.C. §§ 2241(a)(1) and 1153. AUSA Jennifer Holms appeared for the government and Assistant Federal Public Defender Jeremy Kemper for defendant.

As a preliminary matter, the undersigned advised defendant after he was sworn that the government had the right to use any statement that he might make in a prosecution for perjury or false statement as required by Fed. R. Civ. P. 11(b)(1)(A). The undersigned also determined that defendant understood the nature and the consequences of the plea proceeding and that he was satisfied with the services of the his attorney.

The undersigned then reviewed the plea agreement generally with the parties and determined through questioning that:

1. Defendant had signed the plea agreement and fully reviewed it with his attorney.

2. Defendant fully understood the essence of the plea agreement, including specifically:

    a. the fact that it would be binding upon the court in that the court could not

1

impose a sentence greater than twenty years' imprisonment, ten years' supervised release, full restitution, and the mandatory one hundred dollar special assessment, but that his attorney could make an argument at the time of sentencing for a lesser term of imprisonment and the court could impose a lesser sentence of imprisonment if the court concluded a lesser sentence of imprisonment was appropriate.

    b.    the fact defendant would be giving up his rights to appeal and seek postconviction relief to the extent spelled out in the plea agreement.

3.    Defendant understood that the court would defer acceptance of the binding plea agreement and plea until it had the opportunity to review the presentence report and that he would not have the right to withdraw his plea of guilty if the court accepted the plea agreement and plea.

During the hearing and in accordance with Rule 11(b)(1)(G)-(L), the Information was read to defendant and he was advised of the maximum penalties for the charge of Aggravated Sexual Abuse along with the fact that his conviction would result in his having to register as a sex offender. He was also advised of his right to prosecution by indictment under the Fifth Amendment to the United States Constitution and what that entails. Then, after having been fully advised, defendant expressed his desire to proceed by way of Information and in open court knowingly, voluntarily, and upon advice of counsel waived his Fifth Amendment right to indictment.

The undersigned then determined through questioning in accordance with the requirement of Rule 11(b)(1)(M) that the defendant understood the court's obligation to consider in sentencing the sentencing guidelines promulgated by the Sentencing Commission as well as the other

2

sentencing factors under 18 U.S.C. § 3553(a), the role that the sentencing guidelines may play in sentencing, the agreed upon base offense calculation with adjustments set forth in the plea agreement, and the fact the final calculation would be made by the court and that defendant would not be permitted to withdraw his plea if the court's calculation differed from that of the parties. *The undersigned specifically advised that most often this court sentences within the range set by the guidelines and that, if the court followed the guidelines in this case, defendant's sentence of imprisonment would be the maximum provided under the plea agreement of twenty years given his adjusted base offense level. Defendant acknowledged he understood this would be the result if the court followed the guidelines.*

The undersigned then determined that defendant understood he would be giving up his trial rights as spelled out in Rule 11(b)(1)(B)-(F) and as described in the plea agreement. Also, as required by Rule 11(b)(1)(N), the undersigned reviewed with defendant in detail the provisions of the plea agreement pursuant to which he was agreeing to waive his rights to appeal and to seek postconviction relief to the extent provided for in the plea agreement and determined that defendant understood he would be giving up these rights if he entered a plea of guilty.

Next, the undersigned determined in accordance with Rule 11(b)(2), that defendant's plea was voluntary and that no force, threats, or promises (other than promises contained in the plea agreement) had been made to induce him to plead guilty.

Finally, before asking defendant what his plea was, the court inquired about the factual basis for the plea in accordance with Rule 11(b)(3). In response to questioning, defendant acknowledged that he engaged or attempted to engage the victim identified in the Information in a sexual act, that he did so using force, that he is an Indian person, and that the charged act occurred on the Indian

reservation. He also affirmatively stated that he was pleading guilty because he was guilty. The attorney for the government stated she was satisfied with defendant's acknowledgments in terms of providing a factual basis for the plea.

The defendant then formally entered his plea of guilty.

Based on the foregoing, the undersigned **REPORTS** that:

1. defendant's plea of guilty was made knowingly and with a full understanding of the plea agreement, the consequences of entering the plea, and the rights that were being waived - all of which was determined after a full and complete inquiry and determination of defendant's understanding as required by Rule 11(b)(1)(A)-(N).

2. defendant's plea of guilty was voluntary as determined by an inquiry in accordance with Rule 11(b)(2); and

3. there is a factual basis for the plea as determined in accordance with Rule 11(b)(1)(3).

Accordingly, the undersigned **RECOMMENDS** that the court accept defendant's guilty plea if the court is satisfied with the plea agreement following review of the presentence report.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation.

Dated this 24th day of July, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge